UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SONIA MARTINEZ, on behalf of
J.T., a minor child,

        Plaintiff,

    v.

JO ANNE B. BARNHART, Commissioner
of Social Security,

        Defendant.

No. CV-04-3006-FVS

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, AND
DIRECTING AN IMMEDIATE AWARD
OF BENEFITS

    **BEFORE THE COURT** are cross-motions for summary judgment, Ct. Rec. 9 and 12, noted for hearing without oral argument. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney Leisa Wolf represents Defendant.

    **BACKGROUND**

    The facts were presented in the administrative transcript and the ALJ's decision, and will only be summarized here. At the time of the ALJ's decision, Plaintiff was twelve years old and had completed the fifth grade. He has done poorly in school and has undergone a number of evaluations performed by both independent doctors and his school.

    On October 3, 2000, Plaintiff's mother, Ms. Martinez, protectively applied on Plaintiff's behalf for Child's Supplemental

Security Income ("SSI") disability benefits for attention deficit hyperactivity disorder ("ADHD") and borderline intellectual functioning.  The claim was denied initially and on reconsideration; a request for hearing was ultimately filed.  An administrative hearing was held on May 30, 2002, and a supplemental hearing was held on November 20, 2002.  Administrative Law Judge ("ALJ"), Edward P. Nichols, denied benefits on March 7, 2003.  The Appeals Council denied Plaintiff's request for review.  The Court now has jurisdiction to review the ALJ's decision denying benefits pursuant to 42 U.S.C. § 405(g).

**SEQUENTIAL ANALYSIS - DETERMINATION OF DISABILITY**

The three-step sequential evaluation applicable to juvenile claims for benefits is set forth in 20 C.F.R. § 416.924 et seq. (2000).  At step one, the ALJ must determine whether the claimant has engaged in substantial gainful activity since the alleged onset of the disability.  20 C.F.R. §§ 416.924(a) and (b).  At step two, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments that are severe.  20 C.F.R. §§ 416.924(a) and (c).  At step three, the ALJ must determine whether the claimant's "impairment(s) meets, medically equals, or functionally equals the listings".  The impairment will medically equal a listed impairment "if the medical findings are at least equal in severity and duration to the listed findings."  20 C.F.R. § 416.924(d)(1) (2000).  The impairment will be considered functionally equivalent if the claimant has marked limitation in two

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN
IMMEDIATE AWARD OF BENEFITS - 2

areas or extreme limitation in one area.  20 C.F.R. § 416.926a(a)(2000).  Functional equivalence may be shown in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i-vi) (2001).

In making a determination of disability, the ALJ must develop the record and interpret the medical evidence.  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011-12 (9th Cir. 2003).  The ALJ must consider the "combined effect" of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  *Id.* (citing 20 C.F.R. § 416.923).

**ADMINISTRATIVE DECISION**

At step one, the ALJ found Plaintiff had never engaged in substantial gainful activity.  (Tr. 25).  At step two, the ALJ found Plaintiff had severe impairments of limited intellectual functioning and a learning disorder due to language confusion.  (Tr. 20, 25).  However, the ALJ concluded that Plaintiff did not have defiance disorder, disruptive behavior disorder, oppositional disorder, ADHD, or ADD.  (Tr. 20).  At step three, the ALJ found that Plaintiff's impairments did not meet, medically equal, or functionally equal the criteria for any listed impairment.  (Tr. 20, 25).  The ALJ further found that Plaintiff's mother was less than credible.  (Tr. 25).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 3

**STANDARD OF REVIEW**

The Court may set aside an ALJ's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance of the evidence. *Id.* at 1098. "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support a conclusion." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098. However, on review, the Court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [ALJ's] conclusion." *Id.* (citing *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

**ISSUE**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff challenges the ALJ's analysis at step two and step three in the sequential process. Specifically, Plaintiff asserts the ALJ erred by rejecting the opinion of the non-examining medical expert, Emma Billings, Ph.D.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 4

**ANALYSIS**

At the first hearing, Dr. Billings diagnosed Plaintiff with ADHD and conduct disorder or oppositional defiant disorder. (Tr. 46). Dr. Billings also noted several limitations. (Tr. 49, 50). The record was held open because the school was performing some more tests that Dr. Billings and the ALJ both hoped would clarify Plaintiff's impairments.

At the second administrative hearing, Dr. Billings opined that Plaintiff *met* the listing for ADHD, Listing 112.11. (Tr. 71). Dr. Billings also opined that Plaintiff's impairments *functionally equaled* the listing because Plaintiff had marked limitations in two domains of functioning: (1) acquiring information and speech; and (2) attending and completing tasks. (Tr. 71). Either of Dr. Billings' conclusions would require a finding of disability under the Regulations. However, the ALJ rejected Dr. Billings' findings.

At step three, the ALJ initially concluded Plaintiff's impairments did not meet or medically equal any listing. However, in reaching this conclusion, the ALJ incorrectly stated that "[t]he medical expert testified that the claimant does not medically meet the criteria of any listing under Section 112.00. I concur ...." (Tr. 20). Thus, the ALJ committed legal error in asserting that Dr. Billings testified that Plaintiff did not meet the listing when in fact, Dr. Billings testified that Plaintiff met the listing for ADHD, requiring a finding of disability.

At step three, the ALJ further concluded that Plaintiff's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 5

impairments did not functionally equal any of the listings, even though Dr. Billings opined that Plaintiff's impairments functionally equaled the listing for ADHD. (Tr. 23, 71). Dr. Billings based her opinion on Plaintiff's language and attentional difficulties and marked limitations in two domains of functioning: acquiring information and speech, and attending and completing tasks. (Tr. 23, 71). The ALJ rejected Dr. Billings' conclusion and refused to accept her findings, stating:

> I note that the various diagnoses of ADD and ADHD appear to be based on reports by Mrs. Martinez, the claimant's mother, regarding the claimant's behavior at home. Other than this, I find no objective evidence to support either of these diagnoses. Having found Mrs. Martinez an incredible witness, I do not accept the medical expert's testimony and find that the claimant does not have any marked limitations.

(Tr. 23).

The ALJ appears to have rejected Dr. Billings' opinions that Plaintiff's impairments functionally equaled the listing for ADHD because there was "no objective evidence" to support this diagnosis and because this diagnosis was "based on the reports" of Plaintiff's mother. However, the Court notes that Dr. Billings' diagnosis was not based on reports from Plaintiff's mother, but rather, it was based on reports from teachers and Plaintiff's examining psychologists: Dr. Whitmont and Dr. Worsley. (Tr. 44). Furthermore, the record is replete with objective evidence that Plaintiff has attention deficits.

After reviewing the entire record, including the tests performed by Plaintiff's school in 2002 after the first administrative hearing,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 6

Dr. Billings concluded that Plaintiff "definitely has some learning disabilities" and is "in the borderline range as far as ... IQ's concerned." (Tr. 66). Dr. Billings specifically noted that the school records were consistent with ADHD: Plaintiff does "better under one on one with close supervision" because "there's less distractions and there's more attention paid". (Tr. 68). Dr. Billings explained Plaintiff's ADHD diagnoses: Plaintiff's ADHD is "manifested by hyperactivity, impulsiveness, which may account for some of the disruptive behaviors, difficulty maintaining attention and focus, and concentration problems." (Tr. 69).

The reports from Plaintiff's two examining psychologists also support Dr. Billings' ADHD diagnosis. In July 1998, Dr. Worsley performed a disability evaluation of Plaintiff and personally observed several abnormal behaviors "consistent with hyperactivity and attention deficits." (Tr. 290). In February 1999, Dr. Whitmont diagnosed Plaintiff with Attention Deficit Disorder as well as educational and developmental problems. (Tr. 295). It appears that the ALJ rejected the reports from Plaintiff's psychologists. However, the ALJ did not provide any explanation for doing so. Opinions of treating or examining physicians, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). The Court determines the ALJ erred in rejecting the reports from Plaintiff's examining

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN
IMMEDIATE AWARD OF BENEFITS - 7

psychologists without providing specific and legitimate reasons for doing so.

It also appears the ALJ overlooked Plaintiff's special education teacher, Julia Harmia, who performed several studies on Plaintiff in October and November of 2002. (Tr. 274-75). Based on her observations, Ms. Harmia completed check sheets from Dr. Daniel Amen's A Teacher's Guide to A.D.D. and noted a number of applicable traits indicating ADD. (Tr. 275-81). Ms. Harmia specifically identified Plaintiff as having ten symptoms indicative of ADD without hyperactivity, even though only six are required to reach a diagnosis of ADD. (Tr. 278).

Dr. Billings opined that Plaintiff had marked limitations in his ability to acquire information, noting that Plaintiff "is at two-thirds of the level of his language...his language development is equivalent to that of an eight year old [in both Spanish and English]." (Tr. 71). However, the ALJ rejected this opinion, concluding that "the file provided little satisfactory measure, given the language difficulties that interfere with valid testing." (Tr. 24).

The ALJ seems to have rejected Dr. Billings' conclusion that Plaintiff had marked limitations in his ability to acquire information in language on the basis that Plaintiff's IQ testing was invalid. However, Plaintiff's school trusted the testing enough to conclude that Plaintiff had an IQ of somewhere between 70 and 80. Furthermore, Dr. Billings explicitly agreed with that finding. She

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 8

concluded Plaintiff had a "lower borderline" I.Q. within the range of 73 to 83. (Tr. 67-68). Moreover, when the ALJ questioned Dr. Billings specifically about the validity of the I.Q. testing in light of Plaintiff's apparent language difficulties, Dr. Billings testified Plaintiff's language problems could not account solely for his low I.Q. scores. (Tr. 66). Because the ALJ failed to point to any evidence in the record supporting his conclusion that the I.Q. testing was invalid and unreliable, the Court determines the ALJ erred in failing to provide adequate reasons for rejecting Dr. Billings' conclusion that Plaintiff had marked limitations in the domain of acquiring information and speech.

Although Dr. Billings further opined that Plaintiff had marked limitations in the domain of "attending and completing tasks", the ALJ summarily dismissed this diagnosis, concluding instead that Plaintiff's difficulties in these areas were "volitional" rather than a result of ADD. Specifically, the ALJ stated:

> Even though the claimant has some trouble staying on task, a review of the recent school reports show that this is as much volitional as attentional. The claimant simply does not do the work at home or at school, as opposed to being unable to do it. The school seems to think his problem is psychosocial due to the claimant's mother and his home life, and I have little reason to doubt this.

(Tr. 24).

A review of the record shows no support for the ALJ's finding that Plaintiff's problems are psychosocial and resulting from his mother and home life. In fact, there is nothing in the record to show that the school actually believes this either. Furthermore,

although the ALJ attributed Plaintiff's inability to attend to and complete tasks to a matter of volition, one of the textbook symptoms of ADD is that a child often "appears to be apathetic or unmotivated". (Tr. 278). Thus, the ALJ denied Plaintiff's claim based on the fact that Plaintiff actually exhibited one of the symptoms of his alleged disability. According to the DSM-IV, persons with ADD and/or ADHD "often do not follow through on requests or instructions and fail to complete schoolwork, chores, or other duties." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 78 (1995). Further, it explains:

> Tasks that require sustained mental effort are experienced as unpleasant and markedly aversive. As a result, these individuals typically avoid or have a strong dislike for activities that demand sustained self-application and mental effort or that require organizational demands or close concentration (e.g., homework or paperwork).

*Id.*

The ALJ did not provide any explanation of how he determined that Plaintiff's failure to attend to and complete tasks was volitional rather than a symptom of an impairment. Furthermore, the record provides no support for this finding. Rather, as Dr. Billings concluded, the behavior described in the record by Plaintiff's mother, teachers, and doctors fits this description. Therefore, the Court concludes that the ALJ erred in summarily dismissing Dr. Billings' conclusion that Plaintiff had marked limitations in the domain of attending and completing tasks without developing the record to address the ALJ's conclusion that Plaintiff's problems were volitional.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 10

**CONCLUSION**

The ALJ erred in asserting that Dr. Billings testified that Plaintiff did not meet the listing when in fact, Dr. Billings testified that Plaintiff met the listing for ADHD, Listing 112. The ALJ also committed legal error in rejecting Dr. Billings' uncontroverted medical opinion without explanation. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1282, 1286, 1288 (9th Cir. 1996) (finding legal error where ALJ ignored medical evidence of claimant's impairments and additional legal error where ALJ rejected uncontradicted opinion of physician without developing the record); *Cotton v. Bowen*, 799 F.2d 1403, 1408-09 (9th Cir. 1986) (finding legal error where ALJ's findings completely ignored medical evidence without giving specific, legitimate reasons for doing so), *superceded by statute on another point as stated in Bunnell v. Sullivan*, 912 F.2d 1149 (9th Cir. 1990). Further, the ALJ erred in failing to provide adequate reasons for rejecting Dr. Billings' conclusion that Plaintiff had marked limitations in the domain of acquiring information and speech. Furthermore, the ALJ erred in summarily dismissing Dr. Billings' conclusion that Plaintiff had marked limitations in the domain of attending and completing tasks without explanation or further development of the ALJ's conclusion that Plaintiff's limitations in this domain were volitional. For the foregoing reasons, the Court determines that the ALJ's decision denying Plaintiff disability benefits was not supported by substantial evidence. Accordingly, the Court grants Plaintiff's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 11

motion for summary judgment, and denies Defendant's motion for summary judgment.

**AWARD OF BENEFITS**

The Court has some flexibility in determining whether to remand for an immediate award of benefits or for additional administrative proceedings. *Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003). Remand for additional proceedings is appropriate if enhancement of the record would be useful. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the Court should remand for an immediate award of benefits. *Id.* An immediate award of benefits is required when "(1) the ALJ has failed to provide legally sufficient reasons for rejecting [a medical opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). However, remand is not appropriate for the sole purpose of permitting the ALJ to make specific findings regarding the improperly rejected testimony. *Benecke*, 379 F.3d at 593. Rather, such evidence should be credited as true. *Id.* (citing *Varney v. Secretary of Health and Human Services,* 859 F.2d 1396, 1399 (9th Cir. 1988) and *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998)).

Because the ALJ failed to provide legally sufficient reasons for

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 12

rejecting Dr. Billings' uncontroverted medial opinions, the Court credits Dr. Billings' conclusions as true.  As discussed previously, either Dr. Billings' conclusion that Plaintiff met Listing 112.00 for ADHD, or Dr. Billings' conclusion that Plaintiff functionally equaled the listing because he had marked limitations in two domains would have required a finding of disability.  Therefore, the Court determines an immediate award of benefits is required.  Accordingly,

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **Ct. Rec. 9**, is **GRANTED**.

2.  Defendant's Motion for Summary Judgment, **Ct. Rec. 12**, is **DENIED**.

3.  Judgment shall be entered for Plaintiff.  The Commissioner shall make an immediate award of benefits based on the onset date noted in the applications.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, and thereafter **CLOSE THE FILE.**

**DATED** this 20th day of June, 2005.

                    s/ Fred Van Sickle
                    Fred Van Sickle
              Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING AN IMMEDIATE AWARD OF BENEFITS - 13